UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-20-H

DORIS A. REDMON                                                                       PLAINTIFF

V.

SUD-CHEMIE INC. RETIREMENT
PLAN FOR UNION EMPLOYEES,

RETIREMENT PLAN COMMITTEE
FOR THE SUD-CHEMIE INC. RETIREMENT
PLAN FOR UNION EMPLOYEES,
and
SUD-CHEMIE INC.                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      This is a case brought under ERISA in which Plaintiff, Doris Redmon ("Redmon"), claims that Defendants ("Sud-Chemie Inc. Retirement Plan") failed to provide her with survivor benefits and has also failed to provide her with requested plan information.

      Plaintiff's primary claim for benefits arose from a decision Plaintiff and her husband executed a document called "Designated Form of Benefit Payment." The parties argue about the validity of this document as well as its effect. However, the Court must first address whether Plaintiff has filed her claim within the applicable statute of limitations.

      The facts relevant to the statute of limitations issue are relatively straightforward and undisputed. Thomas Redmon, Plaintiff's husband, was a long time employee of Sud-Chemie Inc. Sometime in 1997 Mr. Redmon began speaking with the benefits manager regarding his

retirement options. As a general matter Mr. Redmon had several options. He could select either a qualified joint and survivor annuity ("QJSA") or a straight life annuity. Under the former, Mr. Redmon would receive lower monthly benefits during his lifetime, but Plaintiff would receive survivor benefits for her lifetime. Under the latter, Mr. Redmon would receive larger payments during his lifetime, but Plaintiff would receive no survivor benefits. It is fair to say that Plaintiff and her husband had many discussions, with Defendants about this choice. The more substantive contentions in this lawsuit concern those discussions whether Plaintiff was misled in those discussions, and whether the choice which Plaintiff and her husband ultimately made was valid and informed under ERISA.

On or about January 26, 1998, Plaintiff signed the QJSA, which if valid, would waive her rights to receive annuity benefits if Mr. Redmon predeceased her. Mr. Redmon officially retired from Sud-Chemie on February 1, 1998, and, according to the evidence, may have affixed his signature to the QJSA on February 26, 1998. In any event, Mr. Redmon began to immediately receive his retirement benefit in the form of straight life annuity in the amount of $550 per month. Had Plaintiff and Mr. Redmon not executed the QJSA, Mr. Redmon would have received approximately $490 per month. Mr. Redmon continued to receive this amount for approximately twenty (20) months until October 5, 1999, when he passed away. From that point forward, Plaintiff did not receive any further benefit or annuity payments from Sud-Chemie.

On April 18, 2006, Plaintiff made her first claim to Sud-Chemie for joint and survivor benefits. Sud-Chemie requested additional information and Plaintiff responded with all the information she thought necessary to substantiate her claim. On September 13, 2006, Defendants denied Plaintiff's claim for joint and survivor benefits based on her execution of the QJSA.

Shortly thereafter, Plaintiff appealed that decision and Defendants issued a final decision denying her claim on December 23, 2006. This federal lawsuit followed on January 17, 2007. The parties vigorously dispute whether Plaintiff's claims are governed by the fifteen-year statute of limitations contained in KRS 413.090 or a five-year statute of limitations applicable under KRS 413.120. Two questions arise in connection with this debate: what limitations period does apply to this complaint and when did Plaintiff's claim accrue for purposes of that statute.

During this same time period, the Court has given these questions rather thorough consideration and is issuing an opinion in *Fallin v. Commonwealth Industries, Inc., et al.*, (a copy of which is included as Exhibit A to this opinion). In that opinion, the Court concluded that KRS 413.120 provided the applicable state statute of limitations for all claims arising under ERISA. The Court also considered the more difficult questions of accrual and tolling which often accompany limitations dispute. The Court concluded that a claim accrues whenever the benefits provider has "clearly and unequivocally repudiated" the benefits sought. This can occur by either a formal denial or by more an informal method. Here, nothing could be more clear and unequivocal than the failure to continue paying expected benefits. That Plaintiff never thought to make a claim for over five years does not lessen the finality of that fact; indeed, the finality only gained certitude with every passing day.

Immediately after February 1, 1998, Plaintiff was on notice that her benefits were not being paid. At the very least, she was alerted that Defendants had mistakenly neglected to continue her benefits. She could have easily made inquiries as to the reason for the absence of payments. More probably, she was alerted that Defendants differed in their view of the interpretation and effect of the QJSA, which she does not dispute signing. At any time during the

next five years, Plaintiff could have filed an administrative claim, which in the Court's view, would have tolled the running of the statute. *Id.* Instead, Plaintiff waited over five and half years to make her first claim. By that time the statute had already run. Consequently, the applicable statute of limitations bars Plaintiff's subsequent federal claim.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss the first two counts of Plaintiff's ERISA complaint is SUSTAINED and Counts 1 and 2 of Plaintiff's complaint are DISMISSED WITH PREJUDICE.

This is not a final order and the Court will consider the remainder of Plaintiff's complaint in the near future.

This __9th__ day of November, 2007.

JOHN G. HEYBURN II
CHIEF JUDGE, U.S. DISTRICT COURT

cc:   Counsel of Record