UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-20-H

DORIS A. REDMON                                                                    PLAINTIFF

V.

SUD-CHEMIE INC. RETIREMENT
PLAN FOR UNION EMPLOYEES,

RETIREMENT PLAN COMMITTEE
FOR THE SUD-CHEMIE INC. RETIREMENT
PLAN FOR UNION EMPLOYEES,
and
SUD-CHEMIE INC.                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This was case brought under ERISA. Plaintiff, Doris Redmon ("Redmon"), claimed that

Defendants ("Sud-Chemie Inc. Retirement Plan") failed to provide her with survivor benefits and

also failed to provide her with requested plan information.  In a Memorandum Opinion and

Order of November 9, 2007, this Court dismissed Plaintiff's primary claims for benefits (Counts

I and II of her complaint) because the Court found them to be barred by the applicable five year

statute of limitations.  That Opinion did not consider Plaintiff's Count III, which is a claim under

ERISA for statutory penalties for documents she claims were not provided to her by Defendants

upon her written request.  The Court now considers this claim.

I.

The facts relevant to Plaintiff's claim for statutory penalties under ERISA are

straightforward.  On April 18, 2006, Plaintiff sent a written request to Defendants' Plan Administrator requesting information that Plaintiff believed was "necessary to determine her rights under the terms of the Plan."  On May 15, 2006, Defendants responded by sending several items, including: a copy of a Retirement Plan document, a copy of a January 22, 1998 letter to Mr. Redmon, a copy of a blank "Application for Retirement Income", a copy of a blank "Designation of Form of Benefit Payment", a copy of a signed, but un-witnessed "Application for Retirement of Income", a copy of a signed "Designation of Form of Benefit Payment", a copy of a January 19, 1998 letter from William M. Mercer to Defendants, and a copy of "Explanation of Forms of Benefit Payment."  Defendants did not, however, send a complete copy of the summary plan description, a complete copy of the plan document in effect as of Plaintiff's husband's date of retirement, or a complete copy of the collective bargaining agreement.  Despite her repeated written requests, Plaintiff says that not until May 10, 2007, after the initiation of this lawsuit, did she receive the entirety of the information to which she believes she was entitled under the ERISA sections at issue.  Plaintiff argues she is entitled to statutory penalties for Defendants' delay in providing her with the documents she requested.

II.

Plaintiff's claim for penalties arises under 29 U.S.C. §1024(b)(4) and 29 U.S.C. §1132(c)(1).  In relevant part, those ERISA sections state:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence.

29 U.S.C. §1024(b)(4).

2

\*\*\*\*\*\*\*

(c) Administrator's refusal to supply requested information; penalty for failure to provide annual report in complete form

(1) Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title, section 1021(e)(1) of this title or section 1021(f), or section 1025(a) of this title with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

29 U.S.C. §1132(c)(1).

As is clear from the statutory language of §1132(c)(1), the section does not require penalties, it authorizes them "in the court's discretion."  Although the Sixth Circuit does not require findings of bad faith and prejudice in order to award penalties under §1132(c)(1), in the absence of these elements, the Circuit has held that a district court "would have been acting within its discretion if it had imposed no penalty at all . . . ." *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1068-69 (6th Cir. 1994); *see also Knickerbocker v. Ovako-Ajax, Inc.*, 187 F.3d 636 (6th Cir. 1999)(unpublished)(affirming a district court's refusal to grant penalties in the absence of prejudice).

Here, the Court finds that Plaintiff's initial request for documents from the Plan Administrator on April 18, 2006 did not occur until after the applicable five-year statute of

limitation had run.  Defendants did provide Plaintiff with many of the documents she requested. Because the statute of limitations barred Plaintiff from filing a federal claim for benefits, there was no prejudice in Defendants' delay in providing Plaintiff with the remaining documents. Even if Defendants had promptly complied with Plaintiffs' request for documents, the outcome would have been the same – Plaintiff initiated her administrative claim for benefits too long after her potential action for benefits accrued.

The Court also finds merit in Defendants' argument that Plaintiff should not be awarded penalties because she is neither a participant nor a beneficiary and the statutory language of 29 U.S.C. §1024(b)(4) limits the right to plan documents to those two groups of individuals. *See Morrison v. Marsh & McLennan Co. Inc.*, 439 F.3d 295, 303-04 (6th Cir. 2006)(denying on standing grounds ERISA penalties to a widow who was neither a "participant" nor a "beneficiary" because her claim for benefits was barred by the applicable statute of limitations). The same is true here.  Though the purpose of the penalty provision is to "induce administrators to timely provide participants with requested plan documents, and to penalize failure to do so," *Bartling*, 29 F.3d at 1068, where the Court finds Plaintiff's underlying benefits claims are barred as of the date of request, the Court concludes that exercising its discretion to deny penalties would not frustrate the spirit or intent of ERISA.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Count III of Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final order.

4

cc:     Counsel of Record